**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| VIRGIL HALL,  )<br>            )<br>    Movant,  )<br>            )<br>    v.      )<br>            )<br>UNITED STATES OF AMERICA,  )<br>            )<br>    Respondent.  ) | No. 4:20-cv-00180-SEP |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Movant Virgil Hall. For the reasons discussed below, the motion will be transferred to the United States District Court for the District of Utah, Central Division.

### Background

On December 15, 2010, Movant was charged in a one-count indictment alleging possession with intent to distribute 500 grams or more of cocaine. *United States v. Hall*, No. 2:10-cr-1109-TS (D. Utah). Following a jury trial held before the United States District Court for the District of Utah, Movant was found guilty on June 9, 2011. On November 8, 2011, he was sentenced to 120 months in custody and to 60 months of supervised release.

Movant's supervised release was transferred from the District of Utah to the Eastern District of Missouri on November 13, 2018. *United States v. Hall*, No. 4:18-cr-944-AGF-1 (E.D. Mo.). His supervised release was subsequently revoked, and on January 8, 2020, he was sentenced to three months' imprisonment and to 54 months of supervised release. Movant filed the instant action on January 30, 2020, seeking relief under 28 U.S.C. § 2241. Doc. [1].

The Court reviewed Movant's petition and determined that because Movant was not challenging the execution of his sentence, he could not seek relief pursuant to § 2241. Rather, the proper method of collateral attack was to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On July 13, 2020, the Court ordered Movant to either withdraw his petition or consent to its reclassification as a § 2255 motion. Doc. [8]. The Court further advised Movant that if he consented to reclassification, he was required to file an amended motion on a Court form.

## Movant's 28 U.S.C. § 2255 Motion

On August 3, 2020, Movant filed a § 2255 motion on a Court form, complying with the Court's order. Doc. [9]. In the motion, Movant states that he is challenging his conviction in *United States v. Hall*, No. 2:10-cr-1109-TS-1 (D. Utah). Movant asserts three grounds for relief. First, he alleges a violation of the Fifth Amendment based on the clerk of court "deceitfully" stamping the indictment. *Id*. at 4. Second, he asserts a Sixth Amendment violation because he received no "opportunity to be heard" regarding the clerk's purported altering of court documents. *Id*. at 5. Finally, Movant contends that the Thirteenth Amendment has been violated because being punished for something that cannot be proved amounts to slavery. *Id*. at 7.

## Discussion

Review of the instant motion indicates that Movant is attacking a federal criminal conviction and sentence which arose in the United States District Court for the District of Utah. Pursuant to 28 U.S.C. § 2255, a motion may be brought in "the court which imposed the sentence." 28 U.S.C. § 2255(a). The court that imposed the sentence that Movant is attacking is the United States District Court for the District of Utah. Thus, that is where Movant's motion must be filed. Under 28 U.S.C. § 1631, a court shall, in the interest of justice, transfer such an

action to any other court in which the action could have been brought at the time it was filed. Because Movant is a self-represented litigant, the Court will transfer this action to the District of Utah, Central Division.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** the instant motion to vacate, set aside, or correct sentence to the United States District Court for the District of Utah, Central Division.  *See* 28 U.S.C. § 1631.

Dated 24th day of August, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE